**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

LAZARO ELEUDIS RODRIGUEZ-QUINONES,

Petitioner,

v.

WARDEN FACILITY ADMINISTRATOR, *et al.*,

Respondents.

Case No. 5:26-cv-01846-JWH-SP

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the R&R to which Petitioner Lazaro Eleudis Rodriguez-Quinones has objected.

In this habeas action involving immigration detention, the R&R recommends the denial of the Petition and the dismissal of this action with prejudice.[1] In particular, the R&R found that, because he received an individualized bond hearing, Rodriguez-Quinones was afforded due process.[2] Rodriguez-Quinones's objections to the R&R do not merit a different result.

Rodriguez-Quinones objects that the R&R mistakenly considered his due process claims and factual background.[3] Specifically, Rodriguez-Quinones appears to object that the R&R overstated the number of bond hearings that Rodriguez-Quinones requested or was afforded.[4] As the R&R found, however, Rodriguez-Quinones received a bond hearing on November 19, 2025.[5] The R&R also found that, at that hearing, "the immigration judge reviewed evidence submitted by petitioner and the government, and provided both parties the opportunity to present their arguments. The immigration judge denied bond on the basis that the government had met its burden of showing that petitioner is a flight risk."[6] Rodriguez-Quinones does not dispute those findings nor explain

---

1 Report and Recommendation (the "R&R")[ECF No. 23].

2 *Id.* at 6:22-23.

3 Obj. to the R&R (the "Objections") [ECF No. 25] 2-3.

4 *Id.* at 3.

5 R&R 6:17-21.

6 *Id.* (citing Notice of Lodging (the "Audio Transcript") [ECF No. 17-1] at 16-18.

why the process provided to him at the hearing was inadequate. Thus, he has not shown that the R&R misstated the facts in a manner that prejudiced him.

Rodriguez-Quinones objects that he was entitled to notice and a hearing before his re-detention and that, therefore, he is now entitled to immediate release for the due process violation.[7] He further argues that the post-deprivation hearing he received "cannot serve as an adequate procedural safeguard because it is after the fact, and cannot prevent an erroneous deprivation of liberty."[8] On the contrary, in some instances, such as this case, "[p]rompt, post-deprivation process can cure certain pre-deprivation due process deficiencies." *Kumar v. Santacruz*, 2026 WL 901237, at *1 (C.D. Cal. Apr. 1, 2026) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), a court must "consider the process [petitioner] received [while detained]" and "the further process that was available to him")). Because Rodriguez-Quinones alleged a violation of procedural due process, his alleged injury was not "the very fact of his detention," but, rather, detention "without a bond hearing that accords with due process." *Lopez-Arevalo v. Ripa*, 801 F. Supp. 3d 668, 687-88 (W.D. Tex. 2025). As the R&R found, Rodriguez-Quinones did receive a bond hearing, which Rodriguez-Quinones does not challenge as constitutionally inadequate. Thus, he is not entitled to relief on his due process claim.

For those reasons, the Court hereby **ORDERS** as follows:

1. The findings and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

---

[7] Objections 4-7.

[8] *Id.* at 5.

2. Judgment will be entered **DENYING** the Petition and **DISMISSING** this action **with prejudice**.

**IT IS SO ORDERED.**

Dated: September 28, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE